NOT DESIGNATED FOR PUBLICATION

No. 115,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SILVINO J. RIVERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Silvino J. Rivero appeals the district court's order granting the State's motion to correct illegal sentence. We granted Rivero's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

On June 11, 2012, Rivero pled no contest to one count of aggravated indecent solicitation of a child and one count of sexual exploitation of a child. On July 12, 2012, the district court sentenced Rivero to a controlling term of 72 months' imprisonment with 24 months' postrelease supervision.

1

On July 29, 2015, the State filed a motion to correct illegal sentence and requested the district court to impose a lifetime postrelease supervision term pursuant to K.S.A. 2015 Supp. 22-3717. At a hearing on August 12, 2015, Rivero acknowledged the effect of K.S.A. 2015 Supp. 22-3717 as applied to his convictions, but argued lifetime postrelease supervision was unconstitutional. The district court determined that Rivero's 24 months' postrelease supervision term constituted an illegal sentence under the statute and instead imposed lifetime postrelease supervision. The district court made no findings in response to Rivero's constitutional claim, and Rivero did not object to the inadequacy of the district court's findings. Rivero timely appealed.

On appeal, Rivero argues that "the imposition of lifetime post-release supervision constitutes cruel and unusual punishment under § 9 of the Kansas Constitution and the Eighth Amendment to the U.S. Constitution." Rivero cites *State v. Proctor*, No. 104,697, 2013 WL 6726286 (Kan. App. 2013) (unpublished opinion), in which a panel of this court, using a case-specific analysis, held that lifetime postrelease supervision violated the defendant's right against cruel and unusual punishment. But as Rivero acknowledges, the Kansas Supreme Court has addressed the constitutionality of lifetime postrelease supervision and found that such a sentence survives a categorical proportionality challenge under the Eighth Amendment. See *State v. Mossman*, 294 Kan. 901, 929-30, 281 P.3d 153 (2012); *State v. Cameron*, 294 Kan. 884, 896-98, 281 P.3d 143 (2012).

As for Rivero's case-specific challenge, he acknowledges that Kansas appellate courts have declined to review the issue of cruel and/or unusual punishment for the first time on appeal because the issue "requires the district court's findings upon the three-part test established in *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978)." *State v. Naputi*, 293 Kan. 55, 67-68, 260 P.3d 86 (2011). Here, Rivero briefly argued in district court that lifetime postrelease supervision was unconstitutional. The district court made no findings in response to Rivero's constitutional claim, and Rivero did not object to the inadequacy of the district court's findings.

2

In *State v. Seward*, 289 Kan. 715, 720, 217 P.3d 443 (2009), our Supreme Court placed shared responsibility on the district judge, the defendant, and defense counsel for the lack of adequate findings and conclusions regarding a claim that lifetime postrelease supervision constituted cruel and unusual punishment. Recognizing that such a claim was a relatively new issue at the time of the defendant's sentence, the *Seward* court excused the defendant's failure to object to the inadequacy of the district court's findings, and remanded for further proceedings. 289 Kan. at 721. But the *Seward* court also stated:

> "In the future, a defendant who wishes to appeal on the basis of a constitutional challenge
> to a sentencing statute must ensure the findings and conclusions by the district court are
> sufficient to support appellate argument, by filing of a motion invoking the judge's duty
> under Rule 165, if necessary." 289 Kan. at 721.

Since *Seward*, both our Supreme Court and this court have followed *Seward*'s warning that litigants must ensure that the district court make adequate findings and conclusions on the *Freeman* factors or lose the opportunity for appellate review. See, *e.g., State v. Boleyn*, 297 Kan. 610, 630-31, 303 P.3d 680 (2013), (rejecting request for remand pursuant to *Seward*); *State v. Reed*, 50 Kan. App. 2d 1133, 1138-39, 336 P.3d 912 (2014) (stating defendant's failure to ensure adequate findings and conclusions on *Freeman* challenge foreclosed this court's review), *rev. denied* 302 Kan. ___ (2015).

Here, the hearing on the State's motion to correct Rivero's illegal sentence occurred on August 12, 2015, over 5 years after *Seward* was filed. Rivero should have known that it was his responsibility to make sure there were factual findings and legal conclusions on the record to preserve the issue for appeal. Because Rivero failed to ensure that the district court made adequate findings and conclusions on the *Freeman* factors, he has failed to preserve this issue for appeal.

Affirmed.